**AFFIDAVIT IN SUPPORT OF AN APPLICATION**
UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Della Strickland, being first duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property described in Attachments A (hereafter "DEVICE")—which is currently in the possession of law enforcement within the Eastern District of Virginia, and for the extraction from that property of electronically stored information described in Attachment B. The relevant DEVICE is: (Attachment A) One silver Sony Cyber Shot digital camera.

2. The DEVICE was recovered by law enforcement pursuant to the arrest of HERMAN MALLORY and SHARON WOODY and stored in the evidence unit for the Henrico Division of Police, located at 7721 East Parham Road, Henrico, Virginia 23294.

3. In my training and experience, I know that the DEVICE has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as it was when the DEVICE first came into the possession of the Henrico Division of Police.

4. I am a Task Force Officer with the Federal Bureau of Investigation (FBI) and a detective with the Henrico Division of Police. Since 2021 I have worked as part of the FBI's Richmond Regional Human Trafficking Task Force, which conducts investigations pertaining to adult/child sex trafficking, forced labor, and domestic servitude. I have also worked as a detective with the Henrico Police Division since 2012 and became a detective with the Vice Investigations Team in 2017.

5. During my career in law enforcement, I have received extensive training in investigations concerning, among other things, human trafficking, child exploitation, drug investigations, organized crime, and violent crime. In the course of my employment as a sworn law-enforcement officer, I have participated in the execution of numerous search warrants, resulting in the seizure of computers, magnetic storage media for computers, other electronic media, as well as narcotics, firearms and other items evincing violations of state and federal laws. As a Task Force Officer, I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7).

6. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

7. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that the DEVICE contains evidence of crimes. The crimes being investigated are violations of 18 U.S.C. § 922 (g) (1), Felon in Possession of Firearm; 21 U.S.C. § 841, Possession with Intent to Distribute Controlled Substances; and 18 U.S.C. § 924 (c), Possession of a Firearm during and in relation to Drug Trafficking offense (collectively, "SUBJECT CRIMINAL OFFENSES"). As such, this affidavit and the warrant seeks Court permission to search the DEVICE described in Attachments A to seize the property and items set forth in Attachment B. Moreover, this affidavit and warrant seek Court permission for law enforcement, attorneys for the government, and support staff (located anywhere in the United States) to image and

review the contents of digital devices and/or electronic storage media recovered pursuant to the search warrant.

## TECHNICAL TERMS

8. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Storage medium: A storage medium is any physical object upon which computer data can be recorded. Examples include hard disks, random access memory (RAM), floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

   b. The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures), or electrical, electronic or magnetic form (including, but not limited to, electronic or magnetic storage devices such as, hard disks, Multi Media Cards ("MMCs"), memory sticks, as well as digital data files).

## PROBABLE CAUSE

9. Law enforcement received credible information from a confidential informant that a couple known as "Boo" and/or "Bubba" and "Shay" were trafficking females for illicit sex off Old Brook Road in Richmond City. The source also stated that "Boo"/"Bubba" was distributing illegal narcotics. Authorities subsequently identified "Boo"/"Bubba" as Herman Mallory and "Shay" as Sharon Woody.

10. On April 19, 2024, law enforcement officers located Mallory and Woody in a 2006 Acura TL in a parking lot at 400 North Stockton Steet Richmond, Virginia 23224, in the Eastern District of Virginia. The officers arrested Mallory on a warrant out of Louisa County. The officers also detained Woody, who was in the passenger's seat of the vehicle. Both Mallory and Woody told the officers that they had been living in the vehicle for several days at least prior to the April 19, 2024 stop.

11. The officers observed a Rohm revolver in plain view, though partially covered by a cloth, on the floorboard of the front passenger's side, where Woody had been sitting. A Walther .22 caliber handgun was observed on the back driver's side on the speaker deck. There was a DPMS rifle and a Century Arms rifle located in the trunk. There were ammunition and gun magazines located throughout the VEHICLE. A dual magazine holder containing two magazines with ammunition was seized from a green purse with blue lining from the vehicle.

12. There were also several plastic bags containing suspected heroin and cocaine seized from the vehicle, vials containing suspected narcotics, along with small plastic bags that are consistent with packaging narcotics.

13. Both Mallory and Woody are felons, so may not lawfully possess any of the firearms or ammunition. In addition, both admitted to authorities that they were aware they are felons and that they are not legally permitted to possess firearms or ammunition.

14. There were five cellular telephones seized from the vehicle on the day of the arrest. State search warrants were obtained for the telephones. One of the telephones, a Motorola in a green and black case, was downloaded. Both MALLORY and WOODY

admitted they used that telephone. In the telephone there were several pictures of firearms, including pictures of the DPMS rifle and the Walther 22.

15. There were several text messages in the Motorola cellular telephone seized from the car that were indicative of selling narcotics.

16. A Sony Cyber Shot digital camera was seized from the truck of the vehicle on the day of the arrest and is the subject of this affidavit.

17. In my training and experience in law enforcement, I am aware that digital cameras can and often do contain relevant and useful evidence of the SUBJECT CRIMINAL OFFENSES, including but not limited to: (1) pictures and videos of firearms (2) pictures and videos of narcotics.

## CONCLUSION

18. Based on the forgoing, I submit that this affidavit supports probable cause for a warrant to search the DEVICE described in Attachment A for evidence and materials of violations of 18 U.S.C. § 922 (g) (1), 21 U.S.C. § 841, and 18 U.S.C. § 924 (c), as further described in Attachment B.

Respectfully submitted,

D.C Strickland
Della Strickland
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to in accordance with
Fed. R. Crim. P. 41 on August 1, 2024

/s/ MRC
HON. Mark R. Colombell
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to the electronic device described as follows:

> One silver Sony Cyber Shot Digital Camera: Henrico Division of Police report number 240329056 and property tag number 2:

which is currently in the possession of the Henrico Division of Police located at 7721 East Parham Road, Henrico, Virginia 23294. This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

### Particular Things to be Seized

The digital items to be seized and imaged (described in Attachment A referred here as "DEVICE") contain evidence of violations of the SUBJECT CRIMINAL OFFENSES. For any storage medium whose seizure is otherwise authorized by this warrant, and storage medium that contains or in which is stored records or information that is otherwise called for by this warrant, law enforcement may seize:

   a. Digital images and videos contained within the DEVICE that are evidence of violations of 18 U.S.C. § 922 (g) (1), 21 U.S.C. § 841 and 18 U.S.C. § 924 (c);

   b. Evidence of who used, owned, or controlled the DEVICE at the time the photographs or videos were created, edited, or deleted;

   c. Evidence of the attachment to the DEVICE of other storage devices or similar containers for electronic evidence;

   d. Evidence of the times the DEVICE was used;

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence described in this warrant. The review of this electronic data may be conducted anywhere in the United States by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review (including individuals anywhere in the United States).

If the government identifies seized communications to or from an attorney, the investigative team will discontinue review until a filter team of government attorneys and agents is established. The filter team will have no previous or future involvement in the investigation of this matter. The filter team will review all seized communications and segregate communications to/from attorneys,

which may or may not be subject to attorney-client privilege. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do not involve an attorney to the investigative team and the investigative team may resume its review. If the filter team decides that any of the communications to/from attorneys are not actually privileged (e.g., the communication includes a third party or the crime-fraud exception applies), the filter team must obtain a court order before providing these attorney communications to the investigative team.

If the government identifies seized materials, that are potentially attorney-client privileged or subject to the work product doctrine ("protected materials"), the investigative team, consisting of agents, investigators, analysts, attorneys for the government, and personnel designated by an attorney for the government who are involved in the investigation and prosecution of any cases relating to this search warrant, will discontinue review until a Filter Team of government attorneys and agents is established. The Filter Team will have no previous or future involvement in the investigation of this matter, and the Filter Team's work must be overseen and supervised by Richmond Division Assistant U.S. Attorneys. The Filter Team will review all seized communications and segregate potentially protected materials, i.e. communications to/from an attorney, or that otherwise reference or reflect attorney advice. At no time will the Filter Team advise the Investigative team of the substance of any of the potentially protected materials. The Filter Team will seek further guidance from the Magistrate Judge issuing the warrant with respect to obtaining a court order or other authorization before providing any potentially protected materials to the Investigative team. After review and subject to the direction of supervising attorneys, the Filter Team then will provide all communications that are not potentially protected materials to the Investigative team and the Investigative team may resume its review. If the Filter Team decides that any of the potentially protected materials are not protected (e.g., the communication includes a third party or

the crime-fraud exception applies), the Filter Team must obtain either agreement from defense counsel/counsel for the privilege holder or a court order before providing these potentially protected materials to the Investigative team.